IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

VALERIE KING,         )
    Plaintiff,         )
                       )
v.                    )       CASE NO.:
                       )
                       )

FILED
2005 AUG 19 AM 8:03
CIRCUIT COURT OF
MONTGOMERY COUNTY

**MARKET SQUARE, INC.**, there may be other entities whose true names and identities are unknown to the Plaintiff(s) at this time, who may be legally responsible for claim(s) set forth herein who may be added by amendment by the Plaintiff(s) when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff(s) will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the parties Defendant#1, that entity doing business as Market Square, Inc. in Montgomery, Alabama; Defendant#2, that entity which owns the premises where Valerie King was injured; Defendant #3, that entity which operates the store where Valerie King; Defendant #4, that entity responsible for maintaining the premises where Valerie King was injured; Defendant #5, that entity responsible for maintaining the floors on the premises where Valerie King was injured; Defendant #6, that entity which caused a hole to be in the ceiling/roof where Valerie King was injured; Defendant #7, that entity responsible for repairing ceiling/roof on the premises where Valerie King was injured; Defendant #8 that entity which leases the premises where Valerie King was injured; Defendant #9 that entity doing business on the premises where Valerie King was injured; Defendant #10, that entity which controls the operation of the business which occupies the premises where Valerie King was injured; Defendant #11, that entity which did planning work with respect to the layout of the premises where Valerie King was injured; Defendant #12, that entity which did planning work with respect to construction of the premises where Valerie King was injured; Defendant #13, that entity other than those described above, whose negligence, wantonness or other wrongful conduct contributed to the occurrence made the basis of Plaintiff's complaint; and Defendant #14, that entity, other than those

EXHIBIT
A

entities described above, all of whose names are otherwise unknown but will be added by amendment when ascertained,

**Defendants.**

## COMPLAINT

1. The Plaintiff, Valerie King, is over the age of nineteen (19) years, and a resident citizen of the State of Alabama.

2. The Defendant, Market Square, Inc. is a business.

3. Defendant #1 is that entity doing business as Market Square, Inc. in Montgomery, Alabama.

4. Defendant #2 is that entity which owns the premises where Valerie King was injured.

5. Defendant #3 is that entity which operates the business which did the repairs on the vehicle that caused Valerie King's injuries.

6. Defendant #4 is that entity responsible for maintaining the premises where Valerie King was injured.

7. Defendant #5 is that entity responsible for maintaining the floors on the premises where Valerie King was injured.

8. Defendant #6 is that entity which caused a hole to be in the ceiling/roof where Valerie King was injured.

9. Defendant #7 is that entity responsible for repairing holes in the ceiling/roof where Valerie King was injured.

10. Defendant #8 is that entity which leases the premises where Valerie King was injured.

11. Defendant #9 is that entity doing business on the premises where Valerie King was injured.

12. Defendant #10 is that entity which controls the operation of the business which occupies the premises where Valerie King was injured.

13. Defendant #11 is that entity which did planning work with respect to the layout of the premises where Valerie King was injured.

14. Defendant #12 is that entity which did planning work with respect to construction of the premises where Valerie King was injured.

15. Defendant #13 is that entity other than those described above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's complaint.

16. Defendant #14 is that entity, other than those entities described above, who of which is the successor in interest of any of those entities described above.

17. On or about the September 4, 2004, the Plaintiff, Valerie King, was on the premises of Market Square, Inc. located in Montgomery, Alabama, as a business invitee of Market Square, Inc.

18. The Plaintiff avers that on said occasion, Valerie King was at a place where she had a right to be and was invited by Market Square, Inc. and was caused to slip and fall due to the negligence and wantonness of each of the Defendants while on the premises of said Defendant's and was injured as set forth hereinafter.

19. The Plaintiff avers that on said occasion at said location, each of the Defendants was guilty of negligence or wanton conduct in that each of the Defendants caused, allowed, or permitted the portion of the premises where the Plaintiff, Valerie King, was injured to be in such condition that it was not reasonably safe for members of the public, including Valerie King, to walk and as a proximate consequence of the negligence or wanton conduct of each of the Defendants, the Plaintiff, Valerie King, was caused to slip and fall due to water in the floor from a leak in the ceiling causing her to injure her **neck and back** and the Plaintiff was caused to suffer injuries and damages hereinafter alleged.

20. As a direct and proximate consequence of the negligence or wantonness of each of the Defendants, the Plaintiff, Valerie King, suffered injuries to her **neck and back**. She was caused to suffer considerable physical pain and mental anguish and will continue to do so in the future. She has been unable to go about her normal duties and activities; she was caused to require medical care, and she has been permanently injured.

21. The Plaintiff avers that the negligent and wanton conduct of each of the Defendants combined and concurred to proximately cause the Plaintiff's injuries as hereinabove alleged.

WHEREFORE, the Plaintiff demands judgment against the Defendants in that amount which the trier of fact may assess.

_____
Cathy B. Donohoe (DONO16)
DONOHOE & STAPLETON, L.L.C.
2781 Zelda Road
Montgomery, Alabama 36106
334-269-3355

_____
Valerie King

11/10/05 11:15:34          3342157191       No.5700   P. 6

Nov. 7. 2005 10:47AM    DONOHOE & STAPLETON

STATE OF ALABAMA               )
COUNTY OF MONTGOMERY       )

I, the undersigned, being first duly sworn, deposes and says:
I am a resident citizen of Montgomery County, Alabama. I am the Plaintiff named in the foregoing Complaint. I have read over the Complaint, and the facts stated herein are true and correct according to my information, knowledge and belief.

_/s/ Valerie King_
VALERIE KING

STATE OF ALABAMA               )
COUNTY OF MONTGOMERY       )

I, the undersigned authority, a Notary Public in and for said State and County, hereby certify that Valerie King, whose name is signed to the foregoing instrument and who is known to me, acknowledge before me on this day, that she executed the same voluntarily on the day the same bears date.
Given under my hand and seal this the 18th day of August, 2005.

_/s/ Cathy B. Donohoe_
NOTARY PUBLIC
My commission expires: 12/2/05

_/s/ Cathy B. Donohoe_
Attorney for Plaintiff
CATHY B. DONOHOE (DONO16)
DONOHOE & STAPLETON, L.L.C.
2781 Zelda Road
Montgomery, Alabama 36106
(334) 269-3355