IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE KING,<br>   Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO.: 2:06-CV-217-CSC<br>)<br>) |
| MARKET SQUARE, INC.,<br>   Defendant. | )<br>) |

**REPORT OF PARTIES PLANNING MEETING**

Pursuant to Fed.R.Civ.P 26(f), a meeting was held on April 10, 2006 between:
   Cathy B. Donohoe, Donohoe & Stapleton, L.L.C.
   2781 Zelda Road Montgomery, Alabama 36106, 334-269-3355, on behalf of the Plaintiff; and
   Anthony Higgins; Nix, Holtsford, Gilliland, Higgins, & Hitson P.C.
   P.O. Box 4128 Montgomery, Alabama, 334-215-8585, on behalf of the Defendant.

The parties do not request a conference with the court before entry of the scheduling order.

Pursuant to that meeting and subject to Court approval, the parties have agreed upon the following:

   1. Plaintiff's contentions: The Plaintiff's contends that on September 4, 2004 she slipped and fell due to water on the floor caused from a leak in the ceiling. The Plaintiff was caused to sustain injury to her neck and back. The area was not open and obvious. There were no wet floor signs warning of the potential hazard.

   2. Defendant's contentions: The Defendants deny all claims of liability in this case. The Defendant asserts various affirmation defenses, including lack of notice, contributory negligence and assumption of the risk. Further, the Defendant asserts that the condition complained of by the Plaintiff was open and obvious and should have been observed by the Plaintiff prior to the fall at issue in this case.

3. <u>Discovery Disclosures.</u> The parties will exchange by May 12, 2006 the information required by Local Rule 26.1.

4. <u>Discover Plan.</u> The parties shall adhere to the following discovery plan:

    i. Discovery will be needed on the Plaintiff's claims and Defendant's defense.

    ii. All discovery commenced in time to be completed by April 12, 2007.

    iii. Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

    iv. Maximum of 25 requests for production of documents by each party to any other party. Responses due 30 days after service.

    v. Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

    vi. Maximum of 7 depositions by Plaintiff and 7 by Defendant.

    vii. Each deposition limited to a maximum of 8 hours unless extended by agreement of parties.

    viii. Reports from retained experts under Rule 26(a)(2) due from Plaintiff by January 26, 2007-depose by February 9, 2007; from Defendant by February 26, 2007-deposed by March 16, 2007.

    ix. Supplementation under Rule 26 disclosures shall be made according to the rules.

5. <u>Other items.</u> No conference with the Court will be held prior to any entry of scheduling order.

    i. The parties request a pretrial conference in May, 2007.

    ii. Plaintiff should be allowed until May 31, 2006 to join additional parties and amend the pleadings.

    iii. Defendant should be allowed until May 31, 2006 to join additional parties and amend the pleadings.

    iv. All potentially dis-positive motions should be file by February 28, 2007.

    v. Settlement cannot be evaluated prior to the completion of some discovery.

    vi. Final list of witnesses and exhibits under Rule 26(a)(3) should be due 2 weeks before trial. The parties should have 10 days after service to list objections under Rule 26(a)(3).

    vii. This case should be ready for trial by June, 2007 and at this time is expected to take approximately 3 days.

WHEREFORE, premises considered, the parties respectfully request that the deadlines set forth above be adopted as the Court's Scheduling Order in this case.

Respectfully submitted,

_____
Cathy B. Donohoe (DONO16)
DONOHOE & STAPLETON, L.L.C.
2781 Zelda Road
Montgomery, Alabama 36106
334-269-3355

_____
Anthony Higgins (HIG014)
NIX, HOLTSFORD, GILLILAND, HIGGINS,
& HITSON, P.C.
P.O. Box 4128
Montgomery, Alabama 36103
334-215-8585