IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv217-CSC |
| | ) |
| MARKET SQUARE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now pending before the court are the defendant's motion for HIPAA protective order (doc. # 8) filed on May 15, 2006. Upon consideration of the motion, and for good cause, it is

ORDERED that the defendant's motion for HIPAA protective order (doc. # 8) be and is hereby GRANTED. It is further

ORDERED that upon compliance with applicable law, the attorneys for the parties to this lawsuit are permitted to obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to applicable law, the sole purpose of this order being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, § 247, 110 Stat.1936, 2018

(1996) (HIPAA).

Any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial is authorized to disclose Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures as provided under 45 C.F.R. §164.512(e)(1).

Nothing in this order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding. It is further

ORDERED that at the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's

authorized representative, all recipients of the Protected Health Information shall return to the requesting party or destroy the documents and all copies thereof containing Protective Health Information received by them pursuant to this order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by applicable state insurance laws and the Alabama State Bar rules and regulations.

Done this 17th day of May, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE